# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICHARD THORPE and DARREL WEISHEIT, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WALTER INVESTMENT MANAGEMENT, CORP., MARK J. O'BRIEN, DENMAR DIXON, KEITH A. ANDERSON, BRIAN COREY, CHARLES E. CAUTHEN and C. MARC HELM,<br><br>Defendants. | Case No.: 14-cv-20880-UU |

## STIPULATED PROTECTIVE ORDER ON CONFIDENTIALITY

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, all parties, by and through their attorneys, agree that for the purpose of protecting the interests of the parties against improper use and disclosure of deposition transcripts, documents and tangible things produced in response to requests for production, answers to interrogatories, responses to requests for admissions and all other discovery taken pursuant to the Local Rules of the United States District Court for the Southern District of Florida and the Federal Rules of Civil Procedure, and other information exchanged by the parties or produced by a non-party witness relating to this matter (collectively "Discovery Material"), it is hereby ORDERED:

I.  **DESIGNATION OF "CONFIDENTIAL" MATERIALS**

    A.   This Protective Order applies to all Discovery Material in any form, including, but not limited to, for example, in oral, electronic or written form or embodied in physical samples of materials, produced by Plaintiffs, Defendants or a non-party within this action pursuant to the

5

Federal Rules of Civil Procedure, including information received from a non-party under an obligation of confidentiality and subsequently produced, and testimony adduced at any hearing or trial.

    B.    Any party or non-party witness in this action ("designating party") shall have the right to designate as "CONFIDENTIAL" any information or thing it reasonably believes contains or embodies a trade secret, proprietary business, financial or technical information, or non-public personal, client or customer information concerning individuals or other entities. To the extent any Discovery Material constitutes or contains "nonpublic personal information" within the meaning of the Gramm-Leach-Bliley Act, 15 U.S.C. § 6802, *et seq.* and its implementing regulations, such information may be designated CONFIDENTIAL. This Order hereby authorizes the disclosure of such nonpublic personal information in the Action.

    C.    Designation of documents or other materials or information as "CONFIDENTIAL" shall be made by stamping the documents or materials with the words "CONFIDENTIAL" at the time of production of the documents or other materials to counsel for the receiving party.

    D.    Portions of deposition and hearing transcripts may be designated "CONFIDENTIAL" by any party or witness either: (a) during the deposition or hearing, in which case the transcript of the designated testimony shall be bound in a separate, sealed volume and marked "CONFIDENTIAL" by the reporter, or (b) within fifteen (15) business days after receipt of the final transcript, in which case a separate transcript marked "CONFIDENTIAL" shall be requested by the designating party. In the event persons are present at any deposition or hearing during which a "CONFIDENTIAL" designation is made with respect to the answer(s) to any question(s) who any party in good faith believes would not be permitted under Section II to

view the answer(s) once transcribed, such person(s) shall be excluded from the deposition or hearing during the answer(s) to such question(s).

    E.    The designation of "CONFIDENTIAL" material or information pursuant to this Order shall not be construed as a concession by any party that such information is relevant or material to any issues, is otherwise discoverable or is admissible for any purpose under the Rules of Evidence.

    F.    The inadvertent or unintentional disclosure by the producing party of "CONFIDENTIAL" information which it believes should have been designated as "CONFIDENTIAL" regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same subject matter. Upon discovery of an inadvertent or unintentional disclosure by the producing party, counsel for the parties shall cooperate and take reasonable steps to restore the confidentiality of the inadvertently disclosed information.

    G.    The parties shall make all designations of "CONFIDENTIAL" materials or information in good faith and shall not knowingly include any information (or shall promptly withdraw any designations with respect to information) which:

        (1)    at the time of the disclosure is available to the public; or

        (2)    after disclosure becomes available to the public not in violation in this Order; or

        (3)    the receiving party can show:

            (a)    was already known to the receiving party; or

            (b)    was independently developed by the receiving party not in violation of this Order.

H.  In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Protective Order with respect to any "CONFIDENTIAL" information provided to the parties by the non-party by so advising all parties to this action in writing and otherwise complying with the designation requirements set forth above.

II. **RESTRICTIONS ON DISCLOSURE OF DISCOVERY MATERIAL AND "CONFIDENTIAL" INFORMATION**

A.  Subject to any other written agreement among or between producing parties and receiving parties, a receiving party may only use Discovery Material in connection with the prosecution or defense of this action, including any appeals and the enforcement of any insurance claims relating to this action. Discovery Material may not be used for any other purpose, including, without limitation, any business or commercial purpose, any purpose related to any other investigation or proceeding, or evaluation of other potential claims unrelated to the causes of action and alleged misstatements at issue in the action.

B.  Except as provided by order of this Court or express written consent of counsel, Discovery Material that has been designated as "CONFIDENTIAL" in accordance with this Order shall not be disclosed by the recipient to any person other than:

(1) The Parties, outside counsel of record for each party, members and associates of their firms and employees of those firms actively engaged in this case; or

(2) Fact witnesses in a deposition, hearing, or trial in the action, and their counsel, to the extent that either

　　A.  the witness is a current or former employee of the producing party, or

　　B.  undersigned counsel reasonably believes that the witness previously had access to the document;

(3) Independent, non-employee or non-affiliated experts retained by either party for the purpose of opining on matters to which the information is directly relevant; or

(4) Independent, non-employee or non-affiliated litigation or trial consultants; or

8

(5)     Any court reporter or videographer recording testimony in this action and any outside independent reproduction firm; or

(6)     In-house attorneys for the parties.

C.      The recipient of any "CONFIDENTIAL" information provided pursuant to this Order shall maintain such information in a secure and safe area and shall exercise due and proper care with respect to its storage, custody, and use.

D.      Unless otherwise ordered by this Court or agreed to by the parties, all documents and deposition transcripts containing "CONFIDENTIAL" designations filed with this Court or any other court shall be filed in a sealed envelope with a cover label bearing the caption of the action and the following notice: "CONFIDENTIAL" TO BE FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT. In the event that any "CONFIDENTIAL" material or information is used in any court proceeding in connection with this litigation, it shall not lose its status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

E.      Before any disclosure of "CONFIDENTIAL" information of the producing party is made to an individual pursuant to Paragraphs II(B)(3) and (4), outside counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and request the individual's written agreement in the form of Attachment A hereto, to comply with and be bound by its terms.

F.      Nothing in this Order shall limit or restrict the ability of a producing party, or producing non-party, to use its own documents or information, which has been produced in connection with this action.

### III. DISPUTES AND REMEDIES

A. The production of any documents governed by this Order shall be without prejudice to any claim by the producing party, or producing non-party, that the document is protected from discovery under the attorney-client privilege, the attorney work-product doctrine or other lawful immunity from disclosure; and no party or non-party shall be held to have waived any of its rights under Fed. R. Civ. P. 26 by such production. If, after documents are produced, a claim of privilege or work-product is subsequently made, the receiving party shall take reasonable steps to ensure that all known copies of any such documents are returned promptly to the producing party. If data or information has been extracted from a document which is subsequently returned, to the extent possible, the information and/or data will be expunged and not used. However, to the extent that, prior to being notified of the inadvertent production, the receiving party uses in good faith such information and/or data in documents filed with the Court or at depositions, the receiving party will have no obligation to expunge such information and/or data from or otherwise alter any such document filed with the Court or the transcript of any such deposition. After the return of the documents, claims of privilege or work-product may be submitted pursuant to further order of the Court for determination.

B. Any party may request in writing at any time the release of documents, testimony, or other materials designated as "CONFIDENTIAL", or filed under seal, from the requirements of this Order. Such materials shall be released unless, within seven (7) days of receipt of such written request, counsel of record for the designating party makes a good faith objection in writing to the release of such materials, based on counsel's reasonable belief that such materials contain or reflect information properly designated as "CONFIDENTIAL".

C. Nothing in this Order shall prejudice the right of either party to bring before this Court any questions as to whether any particular document(s) or deposition transcript(s) should be or should not be filed under seal, or designated "CONFIDENTIAL" provided that the party bringing such question before the Court has complied with the procedure set forth in Paragraph III(B).

D. In the event anyone shall violate or threaten to violate any term of this Order, the parties agree that the aggrieved party may immediately apply for relief against any such person violating or threatening to violate any of the terms of this Order and, in the event that the aggrieved party shall do so, the respondent person subject to this Order shall not employ as a defense thereto that the aggrieved party possesses an adequate remedy at law. The parties and any other person subject to this Order agree that the United States District Court for the Southern District of Florida has jurisdiction over the person and party for the purposes of enforcing this order.

## IV. DURATION AND TERMINATION OF THIS ORDER

A. The terms and provisions of this Order shall be binding on the parties and their counsel as of the date on which the last party signs ("Effective Date"). Any violation of the terms and provisions of this Order which may occur between the Effective Date and the date of the Court's signature shall be subject to sanctions and penalties as if the Order had been signed and entered by this Court.

B. This Order and all obligations shall survive the final adjudication of this litigation (including any appellate proceedings). Within thirty days of the conclusion of this action, including any appeals, all "CONFIDENTIAL" information furnished pursuant to the terms of this Order, any drawings related to and notes taken from said information, and all copies thereof

which are not in the custody of this Court or which are not an exhibit or attachment to any pleading filed in this action, shall be either:

(1) Returned to the party furnishing such information; or

(2) Destroyed by the party in possession of such information, such party shall also certify to the furnishing party in an affidavit that the information has been destroyed.

Counsel for each party may retain "CONFIDENTIAL" information which is contained in a deposition transcript or an exhibit while maintaining the confidentiality thereof.

C. Any party that receives a request for Discovery Material, by subpoena or other legal process, shall provide prompt written notice of the request to the party who produced the requested Discovery Material and shall provide that producing party with a reasonable opportunity to contest the subpoena or other legal process. Any person seeking Discovery Material who takes action to enforce such subpoena or other legal process shall be apprised of this Protective Order. Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Discovery Material or "CONFIDENTIAL" information covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

IV. **AMENDMENT OF THE PROTECTIVE ORDER**

A. All notices required by this Order may be served by email with confirmation by regular mail to the counsel of record. The date by which a party receiving a notice shall respond, or otherwise take action, shall be computed from the date that the email was received in the office of counsel. Any of the notice requirements herein may be waived in whole or in part, but only in writing signed by an attorney for the designating party.

B. Upon notice or motion, this Court may make such further orders and directions as it deems appropriate or necessary concerning the subject matter of this Order, including without limitation, orders modifying, extending, limiting, or vacating any or all of its provisions.

Dated: November 16, 2015

POMERANTZ LLP

By: /s/ Jayne A. Goldstein (with permission)
Jayne A. Goldstein (FBN 144088)
jagoldstein@pomlaw.com
1792 Bell Tower Lane, Suite 203
Weston, FL 33326
Tel.: (954) 315-3454
Fax: (954) 315-3455


POMERANTZ LLP
Murielle J. Steven Walsh
mjsteven@pomlaw.com
Jeremy A. Lieberman
jalieberman@pomlaw.com
600 Third Avenue, 20th Floor
New York, NY 10016
Tel.: (212) 661-1100
Fax: (212) 661-8665


POMERANTZ LLP
Patrick V. Dahlstrom
pdahlstrom@pomlaw.com
Ten South LaSalle Street, Suite 3505
Chicago, IL 60603
Tel.: (312) 377-1181
Fax: (312) 377-1184

THE ROSEN LAW FIRM
Laurence M. Rosen (FBN 182877)
lrosen@rosenlegal.com
275 Madison Avenue, 34th Floor
New York, NY 10016

HOLLAND & KNIGHT LLP

By: /s/ Tracy A. Nichols
Tracy A. Nichols (FBN 454567)
tracy.nichols@hklaw.com
Stephen P. Warren (FBN 788171)
stephen.warren@hklaw.com
701 Brickell Ave. Suite 3300
Miami, FL 33131
Tel.: (305) 374-8500
Fax: (305) 789-7799

SIMPSON THACHER & BARTLETT LLP
Peter E. Kazanoff (*pro hac vice*)
pkazanoff@stblaw.com
David Elbaum (*pro hac vice*)
david.elbaum@stblaw.com
425 Lexington Avenue
New York, NY 10016
Tel.: (212) 455-3525
Fax: (212) 455-2502

*Counsel for Defendants Walter Investment Management Corp., Keith A. Anderson and Brian Corey*

Tel.: (212) 686-1060
Fax: (212) 202-3827

*Counsel for Plaintiffs*

**SO ORDERED**

Dated: 11/18/15

Ursula Ungaro
United States District Judge