## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| RICHARD THORPE and DARREL WEISHEIT, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WALTER INVESTMENT MANAGEMENT CORP., MARK J. O'BRIEN, DENMAR DIXON, KEITH A. ANDERSON, BRIAN COREY, CHARLES E. CAUTHEN and C. MARC HELM, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Case No. 1:14-cv-20880-UU

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (together with all Exhibits thereto, the "Stipulation"), dated as of May 20, 2016, which is entered into by and among (i) the Lead Plaintiff Richard Thorpe and Named Plaintiff Darrel Weisheit ("Plaintiffs"), on behalf of themselves and on behalf of the Settlement Class (as defined herein), and (ii) the Defendants (as defined herein), by and through their undersigned attorneys, states all of the terms of the settlement and resolution of this matter by the Settling Parties (as defined herein) and is intended by the Settling Parties to fully and finally release, resolve, remise and discharge the Released Claims (as defined herein) against the Released Parties (as defined herein), subject to the approval of the United States District Court for the Southern District of Florida (the "Court").

Throughout this Stipulation, all terms used with initial capitalization, but not immediately defined, shall have the meanings ascribed to them in Section 1 below.

**WHEREAS:**

A.      **The Action**

On March 7, 2014, Steven Beck, individually and on behalf of all others similarly situated, filed a putative class action lawsuit in the Court (the "Action") alleging violations of the Securities Exchange Act of 1934 as against Walter Investment Management Corp. ("Walter Investment" or the "Company"), Mark J. O'Brien, Denmar Dixon, Robert Yeary, H. Marc Helm, and Charles E. Cauthen.

On May 8, 2014, the Court appointed Steven Beck and Richard Thorpe as Lead Plaintiffs and appointed Lead Plaintiffs' chosen counsel, The Rosen Law Firm, P.A. and Pomerantz LLP as Co-Lead Plaintiffs' Counsel pursuant to the Private Securities Litigation Reform Act, as amended.

On July 7, 2014, Stephen Beck voluntarily dismissed his claims, and Lead Plaintiff Richard Thorpe and Named Plaintiff Darrel Weisheit, individually and on behalf of all others similarly situated, filed a First Amended Class Action Complaint ("FAC") against Walter Investment, Mark J. O'Brien, Denmar Dixon, Keith A. Anderson, Brian Corey, Charles E. Cauthen and H. Marc Helm.

On August 11, 2014 the then-named defendants to the Action filed motions to dismiss the FAC, which the Court granted on December 23, 2014 with leave to amend.

On January 6, 2015, Plaintiffs filed a Second Amended Class Action Complaint ("SAC"), which the then-named defendants moved to dismiss on January 23, 2015.

On June 30, 2015, the Court granted in part and denied in part the defendants' motions to dismiss.  Among other things, the Court dismissed defendants Mark J. O'Brien, Denmar Dixon, Charles E. Cauthen and H. Marc Helm from the Action, and ordered Plaintiffs to file a further amended complaint that incorporated the Court's rulings on or before July 10, 2015.

On July 10, 2015, Plaintiffs filed a Third Amended Class Action Complaint ("TAC"). The TAC asserts claims on behalf of a putative class of persons who acquired Walter Investment

securities between May 9, 2012 and August 11, 2014, inclusive.  The TAC alleges that Walter Investment, Keith A. Anderson and Brian Corey violated federal securities law, specifically Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and SEC Rule 10b-5.

On July 24, 2015, defendants Walter Investment, Keith A. Anderson and Brian Corey filed their Answer, Defenses and Affirmative Defenses to the TAC.

On August 31, 2015, Plaintiffs filed with the Court a motion for class certification.

On October 27, 2015, the parties to the Action held a Court-mandated mediation conference with former United States District Judge Layn Phillips serving as the mediator.  A settlement was not reached at the October 27, 2015 mediation conference.  Thereafter, the parties continued to engage in arm's-length negotiations through the mediator in an attempt to resolve the Action.

On March 16, 2016, the Court issued an order certifying a class consisting of all persons or entities that purchased Walter Investment common stock during the period of May 9, 2012 through August 11, 2014, inclusive, and excluding the named defendants, the present and former officers and directors of Walter Investment and any subsidiary thereof, members of such excluded persons immediate families and their legal representatives, heirs, successors or assigns and any entity in which any excluded person has or had a controlling interest.  The Court also appointed Lead Plaintiff Richard Thorpe and Named Plaintiff Darrel Weisheit as Class Representatives and Pomerantz LLP and The Rosen Law Firm, P.A. as Co-Class Counsel.

On March 30, 2016, the named defendants filed a petition with the United States Court of Appeals for the Eleventh Circuit for permission to appeal the Court's March 16, 2016 order certifying the class action.

**B.      The Settlement**

On April 11, 2016, the parties to the Action held an informal mediation conference with the assistance of the mediator.  During this mediation conference, Plaintiffs and Defendants reached an agreement in principle to settle the Action.

This Stipulation memorializes the agreement between the parties to fully and finally settle the Action and to fully release all Released Claims against the Defendants and the Released Parties with prejudice in return for specified consideration.

**C.      The Defendants' Denial Of Wrongdoing And Liability**

Throughout the course of the Action, Defendants have denied and continue to deny each, any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action, including asserted in the TAC.  Defendants have also denied, *inter alia*, the allegations that Plaintiffs or the Settlement Class have suffered damages or that Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action.

Defendants enter into this Stipulation to eliminate the uncertainties, burden and expense of further litigation.  Nothing in this Stipulation shall be construed as an admission by either Defendants or any of the Released Parties of any wrongdoing, fault, liability, or damages whatsoever.

**D.      Claims of Plaintiffs And Benefits Of Settlement**

Plaintiffs believe that the claims asserted in the Action have merit.  Plaintiffs, however, recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action against Defendants through trial and appeals.  Plaintiffs have also taken into account the uncertain outcome and the risk of any litigation.  In particular, Plaintiffs have considered the pendency of the petition to appeal the certification of the class and the inherent

problems of proof and possible defenses to the federal securities law violations asserted in the Action, including the defenses asserted by Defendants during the litigation, in motions on the pleadings, settlement negotiations and mediation proceedings.  Plaintiffs have therefore determined that the Settlement set forth in this Stipulation is fair, adequate, reasonable, and in the best interests of the Settlement Class.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and among the Plaintiffs, on behalf of themselves and on behalf of the Settlement Class, and Defendants, by and through their respective undersigned counsel that, subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims as against the Released Parties shall be finally and fully compromised, settled and released, the Action shall be dismissed with prejudice and the Released Claims shall be finally and fully released as against the Released Parties, upon and subject to the terms and conditions of this Stipulation, as follows.

1.    **Definitions**

In addition to the terms defined above, the following capitalized terms, used in this Stipulation, shall have the meanings specified below:

1.1.     "Action" means the putative class action captioned *Thorpe, et al. v. Walter Investment Management Corp.*, *et al.*, Case No. 1:14-cv-20880-UU (S.D. Fla.).

1.2.     "Administrative Costs" means all costs and expenses associated with providing notice of the Settlement to the Settlement Class and otherwise administering or carrying out the terms of the Settlement.  Such costs may include, without limitation: escrow agent costs, the costs of publishing the summary notice, the costs of printing and mailing the

Notice and Proof of Claim, as directed by the Court, and the costs of allocating and distributing the Net Settlement Fund to the Authorized Claimants.  Such costs do not include legal fees.

       **1.3.**      "Authorized Claimant" means any Settlement Class Member who is a Claimant and whose claim for recovery has been allowed pursuant to the terms of this Stipulation, the exhibits hereto, and any order of the Court.

       **1.4.**      "Business Day" means any day except Saturday or Sunday or any other day on which national banks are authorized by law or executive order to close in the State of New York.

       **1.5.**      "Claimant" means any Settlement Class Member who files a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

       **1.6.**      "Claims" means any and all manner of claims, demands, rights, causes of action and liabilities, of every nature and description whatsoever, which may be asserted in any capacity, whether based in law or equity, arising under federal, state, local, statutory or common law, or any other law, rule or regulation, including both known and Unknown Claims.

       **1.7.**      "Claims Administrator" means Strategic Claims Services, which shall administer the Settlement.

       **1.8.**      "Common Stock" means the shares of common stock of Walter Investment.

1.9.        "Defendants" means Walter Investment Management Corp., Mark J. O'Brien, Denmar Dixon, Keith A. Anderson, Brian Corey, Charles E. Cauthen, Robert Yeary[1] and H. Marc Helm.

1.10.        "Escrow Account" means an interest-bearing escrow account established by the Escrow Co-Agents at the Huntington National Bank.The Escrow Account shall be managed by the Escrow Co-Agents, subject to the Court's supervisory authority, for the benefit of Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11.        The "Escrow Co-Agents" are Pomerantz LLP and The Rosen Law Firm, P.A.  The Escrow Co-Agents shall perform the duties as set forth in this Stipulation and any order of the Court.

1.12.        "Effective Date" means the first date by which all of the events and conditions specified in ¶ 10.3 of this Stipulation have been met and have occurred.

1.13.        "Final" when referring to the Final Judgment means exhaustion of all possible appeals, meaning (i) if no appeal or request for review is filed, the day after the date of expiration of any time for appeal or review of the Final Judgment, and (ii) if an appeal or request for review is filed, the day after the date the appeal or request for review is dismissed, or the Final Judgment is upheld on appeal or review in all material respects, and is not subject to further review on appeal or by certiorari or otherwise; provided, however, that any dispute or appeal relating solely to the amount, payment or allocation of attorneys' fees and expenses, the Plan of

---

[1]        In light of Robert Yeary's death during the pendency of this Action, all references to Robert Yeary in this Stipulation shall include the Estate of Robert Yeary and his executors and heirs.

Allocation or the provisions of ¶ 6.2 shall have no effect on finality for purposes of determining the date on which the Final Judgment becomes Final.

       1.14.       "Final Judgment" means the order and judgment to be entered by the Court finally approving the Settlement and dismissing the Action, materially in the form attached hereto as Exhibit B.

       1.15.       "Individual Defendants" means Mark J. O'Brien, Denmar Dixon, Keith A. Anderson, Brian Corey, Charles E. Cauthen, Robert Yeary and H. Marc Helm.

       1.16.       "Insurers" means, collectively, XL Specialty Insurance Company, National Union Fire Insurance Company of Pittsburgh, PA and Berkley Insurance Company.

       1.17.       "Lead Plaintiff" means Richard Thorpe, as identified in the opening paragraph of the TAC.

       1.18.       "Named Plaintiff" means Darrel Weisheit, as identified in the opening paragraph of the TAC.

       1.19.       "Notice" means the "Notice of Pendency and Proposed Settlement of Class Action," which is to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-1.

       1.20.       "Opt-Out" means any one of, and "Opt-Outs" means all of, any Persons who otherwise would be Settlement Class Members and have timely and validly requested exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the Notice given pursuant thereto.

       1.21.       "Person" means individual, corporation, fund, limited liability corporation, professional corporation, limited liability partnership, partnership, limited partnership association, joint stock company, estate, legal representative, trust, unincorporated

association, government or any political subdivision or agency thereof, and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assigns.

1.22.     "Plaintiffs" means Lead Plaintiff Richard Thorpe and Named Plaintiff Darrel Weisheit.

1.23.     "Plaintiffs' Counsel" means the law firms of Pomerantz LLP and The Rosen Law Firm, P.A.

1.24.     "Plan of Allocation" means a plan or formula for allocating the Settlement Fund to Authorized Claimants after payment of Administrative Expenses, Taxes and Tax Expenses, and such attorneys' fees, costs and expenses as may be awarded by the Court. Any Plan of Allocation is not a condition to the effectiveness of this Stipulation, and the Released Parties shall have no responsibility or liability with respect thereto.

1.25.     "Preliminary Approval Order" means the proposed order preliminarily approving the Settlement and directing notice thereof to the Settlement Class substantially in the form attached hereto as Exhibit A.

1.26.     "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached hereto as Exhibit A-2.

1.27.     "Released Claims" means any and all Claims, including Unknown Claims, that have been, could have been, or in the future can or might be asserted in any federal, state or foreign court, tribunal, forum or proceeding by on or behalf of any of the Releasing Parties against any one or more of the Released Parties, in any capacity, which arise out of, are based upon or relate in any way to the purchase, acquisition, sale, or ownership of Walter Investment securities during the Settlement Class Period, including without limitation, any Claims related to the allegations, transactions, facts, events, matters, occurrences, acts,

representations or omissions involved, set forth, referred to, or that could have been asserted in the Action, any Claims for negligence, gross negligence, breach of duty of care, breach of duty of loyalty, breach of duty of candor, fraud, negligent misrepresentation or breach of fiduciary duty, and any Claims based upon, arising out of, or relating in any way to the Settlement, except for claims relating to the enforcement of the Stipulation or the Settlement.

      1.28.      "Released Parties" means (i) Defendant Walter Investment and Walter Investment's current or former parents, subsidiaries, predecessors, successors, divisions, joint ventures and general or limited partnerships, and each of their respective current or former officers, directors, trustees, partners, contractors, auditors, principals, agents, managing agents, employees, attorneys, accountants, investment bankers, underwriters, insurers (including without limitation the Insurers) or reinsurers in their capacities as such; (ii) each of the Individual Defendants, as well as each of the immediate family members, heirs, executors, personal or legal representatives, estates, beneficiaries, predecessors, successors and assigns of the Individual Defendants and the other individuals referred to in this ¶ 1.28.

      1.29.      "Releasing Parties" means Plaintiffs, each and every Settlement Class Member and each of their respective parent entities, associates, affiliates, subsidiaries, predecessors, successors, assigns, attorneys, immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates.

      1.30.      "Settlement" means the settlement contemplated by this Stipulation.

      1.31.      "Settlement Amount" means the sum of $24,000,000.00 (Twenty Four Million U.S. Dollars).  The Settlement Amount includes all Administrative Costs, Plaintiffs' Counsel's attorneys' fees and expenses, as allowed by the Court, Settlement Class

Member benefits, as well as any other costs, expenses, or fees or any kind whatsoever associated with the Settlement.

      **1.32.**      "Settlement Class" means all Persons (including, without limitation, their beneficiaries) who purchased or otherwise acquired Walter Investment Common Stock during the period from May 9, 2012 through February 26, 2015, inclusive.  Excluded from the Settlement Class are (i) Opt-Outs and (ii) Defendants, the present and former officers and directors of Walter Investment, and any subsidiary thereof, during the Settlement Class Period, and the immediate family members, legal representatives, heirs, successors or assigns of such excluded persons and any entity in which any excluded Person has or had a controlling interest.

      **1.33.**      "Settlement Class Member" means any one of, and "Settlement Class Members" means all of, the members of the Settlement Class.

      **1.34.**      "Settlement Class Period" means the period from May 9, 2012 through February 26, 2015, inclusive.

      **1.35.**      "Settlement Fund" means all funds transferred to the Escrow Account pursuant to this Stipulation and any interest or other income earned thereon.

      **1.36.**      "Settlement Hearing" means the hearing at or after which the Court will make a final decision pursuant to Rule 23 of the Federal Rules of Civil Procedure as to whether the Settlement contained in the Stipulation is fair, reasonable and adequate, and therefore, should receive final approval from the Court.

      **1.37.**      "Settling Party" means any one of, and "Settling Parties" means all of, the parties to the Stipulation, namely Defendants (as defined herein) and Plaintiffs (on behalf of themselves and the Settlement Class).

   **1.38.**   "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which any Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its settlement with and release of the Released Parties, or might have affected his, her or its decision not to opt-out or object to this Settlement.  With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Plaintiffs shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Final Judgment shall have waived, the provisions, rights and benefits of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Plaintiffs shall expressly waive and each of the Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived any and all provisions, rights and benefits conferred by any law of any state, territory, foreign country or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542.  Plaintiffs and/or one or more Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Plaintiffs shall expressly fully, finally and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the

future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of fiduciary duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts.  Plaintiffs acknowledge, and the Settlement Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

2.    **The Settlement Consideration**

2.1.    In consideration of the full and final release, settlement and discharge of all Released Claims against the Released Parties, Walter Investment shall, within ten (10) Business Days of entry of the Preliminary Approval Order, cause the Insurers to transfer the Settlement Amount, by wire transfer or check, to the Escrow Account, provided that the Escrow Co-Agents have provided Defendant's counsel with timely and complete wire and transfer information and instructions and a completed Form W-9.

2.2.    Under no circumstances will Walter Investment, any of the other Defendants or any of their insurers be required to pay, or cause payment of, more than the Settlement Amount pursuant to this Stipulation and the Settlement for any reason whatsoever, including, without limitation, as compensation to any Settlement Class Member or in payment of any fees or expenses incurred by any Settlement Class Member or Plaintiffs' Counsel.

3.    **Handling And Disbursement Of Funds By The Escrow Co-Agents**

3.1.    No monies will be disbursed from the Settlement Fund until after the Effective Date except:

(a)    As provided in ¶ 3.4 below;

(b)    As provided in ¶ 10.9 below, if applicable; and

(c)      To pay Taxes and Tax Expenses (as defined in ¶ 4.1 below) on the income earned by the Settlement Fund.  Taxes and Tax Expenses shall be paid out of the Settlement Fund and shall be considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Co-Agents without prior Order of the Court.

3.2.      The Escrow Co-Agents shall invest the Settlement Fund in short term instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, interest in, or any liability whatsoever with respect to any investment or management decisions executed by the Escrow Co-Agents.  The Settlement Fund shall bear all risks related to the investments of the Settlement Amount in accordance with the guidelines set forth in this ¶ 3.2.

3.3.      The Escrow Co-Agents shall not disburse the Settlement Fund except as provided in this Stipulation or by an order of the Court.

3.4.      At any time after the Court grants preliminary approval of the Settlement, the Escrow Co-Agents may, without further approval from Defendants or the Court, disburse at the direction of Plaintiffs' Counsel up to $200,000.00 (Two Hundred Thousand U.S. Dollars) from the Settlement Fund prior to the Effective Date to pay Administrative Costs.

4.      **Taxes**

4.1.      The Settling Parties agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, Plaintiffs' Counsel or their designee shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 4.1, including the "relation-back election" (as

defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel or their designee to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)    For purposes of § 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B-2(k)(3) promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their designee.  Plaintiffs' Counsel or their designee shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)).  Such returns (as well as the election described in this ¶ 4.1) shall be consistent with this ¶ 4.1 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(b)    All Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon Defendants or their counsel or their insurers with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes ("Taxes"), and expenses and costs incurred in connection with the operation and implementation of this ¶ 4.1 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses or penalties relating to filing (or failing to file) the returns described in this ¶ 4.1) ("Tax Expenses"), shall be paid out of the Settlement Fund, as

appropriate.  Defendants, their counsel, their insurers and the other Released Parties shall have

no liability or responsibility for the Taxes or the Tax Expenses.  Taxes and Tax Expenses shall

be treated as, and considered to be, a cost of administration of the Settlement and shall be timely

paid out of the Settlement Fund without prior order from the Court.  The Escrow Co-Agents shall

be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to

Authorized Claimants any funds necessary to pay such amounts, including the establishment of

adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be withheld

under Treasury Regulation § 1.468B-2(1)(2)).  Defendants, their counsel, their insurers and the

other Released Parties shall have no responsibility for, interest in, or any liability whatsoever

with respect to the foregoing provided in this ¶ 4.1.  The Settling Parties agree to cooperate with

each other, and their tax attorneys and accountants, to the extent reasonably necessary to carry

out the provisions of this ¶ 4.1.

**5.       Preliminary Approval Order, Notice Order, And Settlement Hearing**

        5.1.        Plaintiffs' Counsel shall submit this Stipulation and its exhibits to the

Court and shall apply for preliminary approval of the Settlement set forth in this Stipulation,

entry of a preliminary approval order, and approval for the mailing and dissemination of notice,

substantially in the form of Exhibits A, A-1, A-2, and A-3.  The mailed Notice (Exhibit A-1)

shall include the general terms of the Settlement and the provisions of the Plan of Allocation, and

shall set forth the procedure by which recipients of the Notice may object to the Settlement or the

Plan of Allocation or request to be excluded from the Settlement Class.  The date and time of the

Settlement Hearing shall be added to the Notice before it is mailed or otherwise provided to

Settlement Class Members.  Defendants shall not object to, or have any responsibility for,

Plaintiffs' Counsel's proposed Plan of Allocation.

5.2.     To assist in dissemination of notice, Walter Investment will cooperate in the efforts of Plaintiffs' Counsel to obtain the names and contact information of the Settlement Class Members and their nominees or custodians.

5.3.     At the time of the submission described in ¶ 5.1 hereof, the Settling Parties, through their counsel, shall jointly request that, after the Notice is provided, the Court hold the Settlement Hearing and (i) approve the Settlement as set forth herein and (ii) enter a final order and judgment substantially in the form of Exhibit B hereto, as promptly after the Settlement Hearing as possible.

**6.     Releases And Covenants Not To Sue**

6.1.     Upon the Effective Date, the Releasing Parties, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, regardless of whether any such Releasing Party ever seeks or obtains by any means, including without limitation by submitting a Proof of Claim, any disbursement from the Settlement Fund, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties and shall have covenanted not to sue the Released Parties with respect to all such Released Claims, and shall be permanently barred and enjoined from asserting, commencing, prosecuting, instituting, assisting, instigating, or in any way participating in the commencement or prosecution of any action or other proceeding, in any forum, asserting any Released Claim, in any capacity, against any of the Released Parties. Nothing contained herein shall, however, bar the Releasing Parties from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**6.2.**         Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, predecessors, successors and assigns, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiffs, Settlement Class Members and Plaintiffs' Counsel from all Claims which arise out of or relate in any way to the institution, prosecution, or settlement of the claims against the Defendants (the "Defendant Released Claims"), and shall be permanently enjoined from prosecuting the Defendant Released Claims against the Plaintiffs, Settlement Class Members and Plaintiffs' Counsel.  Nothing contained herein shall, however, bar the Defendants or any Released Party from bringing any action or claim to enforce the terms of this Stipulation or the Final Judgment.

**7.**     **Administration And Calculation Of Claims, Final Awards And Supervision And Distribution Of The Settlement Fund**

**7.1.**         Under the supervision of Plaintiffs' Counsel, acting on behalf of the Settlement Class, and subject to such supervision and direction of the Court as may be necessary or as circumstances may require, the Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund (as defined below) to Authorized Claimants.

**7.2.**         The Settlement Fund shall be applied as follows:

**(a)**     To pay the Taxes and Tax Expenses described in ¶ 4.1 above;

**(b)**     To pay Administrative Costs;

**(c)**     To pay Plaintiffs' Counsel's attorneys' fees and expenses and payments to the Lead Plaintiff and Named Plaintiff for reimbursement of their time and expenses (the "Fee and Expense Award"), to the extent allowed by the Court; and

(d)     To distribute the balance of the Settlement Fund, that is, the Settlement Fund less the items set forth in ¶ 7.2(a), (b), and (c) hereof (the "Net Settlement Fund"), to the Authorized Claimants as allowed by this Stipulation, the Plan of Allocation, or the Court.

7.3.     Upon and after the Effective Date, the Net Settlement Fund shall be distributed to Authorized Claimants in accordance with the terms of the Plan of Allocation set forth in the Notice and any orders of the Court.

7.4.     This is not a claims-made settlement, and if all conditions of the Stipulation are satisfied and the Final Judgment becomes Final, no portion of the Settlement Fund will be returned to Walter Investment or the Insurers.  Defendants, their counsel, their insurers and the other Released Parties shall have no responsibility for, involvement in, interest in, or liability whatsoever with respect to the investment or distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.  No Person shall have any claims against Plaintiffs' Counsel, the Claims Administrator or any other agent designated by Plaintiffs' Counsel based on distribution determinations or claim rejections made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or orders of the Court.  Plaintiffs' Counsel shall have the right, but not the obligation, to waive what they deem to be formal or technical defects in any Proofs of Claim filed, where doing so is in the interest of achieving substantial justice.

7.5.     It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to

an Authorized Claimant's claim set forth therein, is not a condition of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order or proceedings relating to the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the Final Judgment and the releases contained therein, or any other orders entered pursuant to this Stipulation.

### 8.    Plaintiffs' Counsel's Attorneys' Fees And Reimbursement Of Expenses

8.1.    Plaintiffs' Counsel may submit an application or applications (the "Fee and Expense Application") for distributions from the Settlement Fund to Plaintiffs' Counsel for (i) an award of attorneys' fees, (ii) reimbursement of actual costs and expenses, including the fees and expenses of experts and/or consultants, incurred in connection with prosecuting the Action, (iii) payments to the Lead Plaintiff and Named Plaintiff for reimbursement of their time and expenses in connection with the Action.  Defendants shall take no position with respect to the Fee and Expense Application(s).

8.2.    Except as otherwise provided in this paragraph, the attorneys' fees and expenses awarded by the District Court shall be paid to Plaintiffs' Counsel from the Settlement Fund within two (2) Business Days after the date the Court enters the Final Judgment and an order awarding such fees and expenses, notwithstanding any objections to or appeals of such order or of the Final Judgment.  In the event that the Effective Date does not occur, or the Final Judgment is reversed or modified in any way that affects the award of attorneys' fees and expenses, or the Stipulation is terminated for any other reason, then Plaintiffs' Counsel shall be jointly and severally obligated to refund to the Escrow Account, within ten (10) Business Days

from receiving notice from Defendants' counsel or from a court of appropriate jurisdiction, either the full amount of the fees and expenses or an amount consistent with any modification of the Final Judgment with respect to the fee and expense award, including accrued interest at the same rate as is earned by the Settlement Fund.  Plaintiffs' Counsel, on behalf of their firms and each partner and/or shareholder of their firms, agrees that the law firm and its partners and/or shareholders are subject to jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and each shall be jointly and severally liable for repayment of all attorneys' fees and expenses awarded by the Court.  Furthermore, without limitation, Plaintiffs' Counsel, and each such firm's partners and/or shareholders, agree that the Court may, upon application of Defendants, summarily issue orders, including, without limitation, judgments and attachment orders and may make appropriate findings of or sanctions for contempt against that firm or any of its partners and/or shareholders should such law firm fail timely to repay fees and expenses pursuant to this paragraph.  Any amounts awarded by the Court to the Lead Plaintiff and Named Plaintiff for reimbursement of their time and expenses shall not be paid from the Settlement Fund until after the Effective Date.

   **8.3.**  The procedure for, and allowance or disallowance by the Court of, the Fee and Expense Application are not a condition of the Settlement set forth in this Stipulation and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation.  Any order of or proceedings relating to the Fee and Expense Application, or any objection to, motion regarding or appeal from any order or proceedings relating thereto or reversal or modification thereof, shall not operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the

Final Judgment or the releases contained therein or any other orders entered pursuant to this Stipulation.

        **8.4.**      Any award of attorneys' fees and/or expenses to Plaintiffs' Counsel or reimbursement payments to the Lead Plaintiff and Named Plaintiff shall be paid solely from the Settlement Fund and shall reduce the settlement consideration paid to the Settlement Class accordingly.  No Defendant shall have any responsibility for payment of Plaintiffs' Counsel's attorneys' fees and expenses or other awards to the Lead Plaintiff or Named Plaintiff beyond the obligation of Walter Investment to cause the Insurers to fund the Settlement Amount as set forth in ¶ 2.1 above.  The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payments to Plaintiffs' Counsel, the Lead Plaintiff and Named Plaintiff, the Settlement Class and/or any other Person who receives payment from the Settlement Fund.

     **9.**      **Class Certification**

        **9.1.**      In the Final Judgment, the Settlement Class shall be certified for purposes of this Settlement, but in the event that the Final Judgment does not become Final or the Settlement fails to become effective for any reason, all Settling Parties reserve all their rights on all issues, including certification of a class in the Action and Defendants' Petition for Permission to Appeal Pursuant to Rule 23(f) filed in the Eleventh Circuit on March 30, 2016. For settlement purposes only, in connection with the Final Judgment, Defendants shall consent to (i) the appointment of Plaintiffs as the class representatives, (ii) the appointment of Plaintiffs' Counsel as class counsel, and (iii) the certification of the Settlement Class pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

10. **Conditions Of Settlement, Effect of Disapproval, Cancellation Or Termination**

10.1.	Plaintiffs, on behalf of the Settlement Class, and Defendants shall each have the right to terminate the Settlement and Stipulation by providing written notice of his or its election to do so ("Termination Notice") to all other Settling Parties within thirty (30) calendar days of:

(i)	entry of a Court order declining to enter the Preliminary Approval Order in any material respect;

(ii)	entry of a Court order refusing to approve this Stipulation in any material respect;

(iii)	entry of a Court order declining to enter the Final Judgment in any material respect;

(iv)	entry of an order by which the Final Judgment is modified or reversed in any material respect by the Court, the Court of Appeals or the United States Supreme Court.  In the absence of any of the events enumerated in the preceding sentence, ¶ 10.2, ¶ 10.5 or ¶ 10.6, no Party shall have the right to terminate the Agreement for any reason.

10.2.	If the Settlement Amount is not paid into the Escrow Account in accordance with ¶ 2.1 of this Stipulation, then Plaintiffs, on behalf of the Settlement Class, and not Defendants, shall have the right to (a) terminate the Settlement and Stipulation by providing written notice to Defendants at any time prior to the Court's entry of the Final Judgment; or (b) enforce the terms of the Settlement and this Stipulation and seek a judgment effecting the terms herein.

**10.3.** The Effective Date of this Stipulation shall not occur unless and until each of the following events occurs and shall be the date upon which the last in time of the following events occurs:

(a) The Court has entered the Preliminary Approval Order attached hereto as Exhibit A or an order containing materially the same terms;

(b) The sum of $24,000,000 (Twenty Four Million U.S. Dollars) has been paid into the Escrow Account, as set forth in ¶ 2.1;

(c) The Court has approved the Settlement, following notice to the Settlement Class and the Settlement Hearing, and has entered the Final Judgment; and

(d) The Final Judgment has become Final as defined in ¶ 1.13.

**10.4.** Upon the occurrence of the Effective Date, any and all interest or right of Defendants or the Insurers in or to the Settlement Fund, if any, shall be absolutely and forever extinguished, except as set forth in this Stipulation.

**10.5.** If prior to final Court approval of the Settlement, Persons who otherwise would be Settlement Class Members have filed with the Court valid and timely requests for exclusion from the Settlement Class in accordance with the provisions of the Preliminary Approval Order and the notice given pursuant thereto ("Opt-Outs"), and such Persons in the aggregate purchased Common Stock during the Settlement Class Period in an amount greater than the amount specified in a separate Supplemental Agreement between the parties (the "Supplemental Agreement"), then Walter Investment shall have, in its sole and absolute discretion, the option to terminate this Stipulation and Settlement in strict accordance with the requirements and procedures set forth in the Supplemental Agreement (the "Supplemental Termination Option"). The Supplemental Agreement shall not be filed with the

Court unless and until a dispute among the Settling Parties concerning its interpretation or application arises.

      **10.6.**      If some or all of the conditions specified in ¶ 10.3 above are not met, or in the event that this Stipulation is not approved by the Court, or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, then this Stipulation shall be canceled and terminated, unless all of the Settling Parties agree in writing to proceed with this Stipulation, except that Defendants shall not have the right to terminate the Stipulation if the Settlement Amount is not paid pursuant to ¶ 2.1.  None of the Settling Parties, or any of them, shall have any obligation whatsoever to proceed under any terms other than those provided for and agreed herein.  If any Settling Party engages in a material breach of the terms hereof, any other Settling Party, provided that it is in substantial compliance with the terms of this Stipulation, may terminate this Stipulation on notice to all the Settling Parties.

      **10.7.**      In the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, the Settling Parties shall be restored to their respective positions in the Action immediately prior to April 11, 2016, and they shall proceed in all respects as if the Stipulation had not been executed and the related orders had not been entered, and in that event all of their respective claims and defenses as to any issue in the Action shall be preserved without prejudice.

      **10.8.**      In the event that the Stipulation is not approved by the Court or the Settlement set forth in this Stipulation is terminated or fails to become effective in accordance with its terms, the terms and provisions of this Stipulation, except as otherwise provided herein, shall have no further force and effect with respect to the Settling Parties and shall not be used in

this Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

> **10.9.** In the event the Stipulation shall be terminated, or be canceled, or shall not become effective for any reason, within seven (7) Business Days (except as otherwise provided in the Supplemental Agreement) after the occurrence of such event, the Settlement Fund, less taxes, any Administrative Costs which have either been disbursed or are determined to be chargeable shall be refunded by the Escrow Co-Agents to the Insurers, in proportion to their contribution to the Settlement Fund, plus accrued interest attributable to that amount by check or wire transfer pursuant to written instructions from the Insurers. At the request of the Insurers, the Escrow Co-Agents or their designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the Insurers pursuant to written direction from the Insurers.

> **10.10.** No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the Fee and Expense Application shall constitute grounds for cancellation or termination of the Stipulation.

## 11.    No Admission Of Liability Or Wrongdoing

> **11.1.** The Settling Parties covenant and agree that neither this Stipulation, nor the fact nor any terms of the Settlement, nor any communication relating thereto, nor the Supplemental Agreement, is evidence, or an admission or concession by any Settling Party or their counsel, any Settlement Class Member, or any of the Released Parties, of any fault, liability or wrongdoing whatsoever, as to any facts or claims alleged or asserted in the Action, or any other actions or proceedings, or as to the validity or merit of any of the claims or defenses alleged or asserted in any such action or proceeding. This Stipulation is not a finding or

evidence of the validity or invalidity of any claims or defenses in the Action, any wrongdoing by

any Settling Party, Settlement Class Member, or any of the Released Parties, or any damages or

injury to any Settling Party, Settlement Class Member, or any Released Parties.  Neither this

Stipulation, nor the Supplemental Agreement, nor any of the terms and provisions of this

Stipulation or the Supplemental Agreement, nor any of the negotiations or proceedings in

connection therewith, nor any of the documents or statements referred to herein or therein, nor

the Settlement, nor the fact of the Settlement, nor the Settlement proceedings, nor any statement

in connection therewith, (a) shall (i) be argued to be, used or construed as, offered or received in

evidence as, or otherwise constitute an admission, concession, presumption, proof, evidence, or a

finding of any, liability, fault, wrongdoing, injury or damages, or of any wrongful conduct, acts

or omissions on the part of any Released Party, or of any infirmity of any defense, or of any

damages to the Plaintiffs or any other Settlement Class Member, or (ii) otherwise be used to

create or give rise to any inference or presumption against any of the Released Parties

concerning any fact or any purported liability, fault, or wrongdoing of the Released Parties or

any injury or damages to any person or entity, or (b) shall otherwise be admissible, referred to or

used in any proceeding of any nature, for any purpose whatsoever; <u>provided</u>, <u>however</u>, that the

Stipulation or the Supplemental Agreement or the Final Judgment may be introduced in any

proceeding, whether in the Court or otherwise, as may be necessary to argue and establish that

the Stipulation or Supplemental Agreement or Final Judgment has *res judicata*, collateral

estoppel, or other issue or claim preclusion effect or to otherwise consummate or enforce the

Settlement or Supplemental Agreement or Final Judgment, or as otherwise required by law.

12.     **Miscellaneous Provisions**

12.1.     Except in the event of the filing of a Termination Notice pursuant to

¶¶ 10.1, 10.2, 10.5 or 10.6 of this Stipulation or termination notice in accordance with the

parties' Supplemental Agreement, the Settling Parties shall take all actions necessary to

consummate this agreement; and (b) agree to cooperate with each other to the extent reasonably

necessary to effectuate and implement all terms and conditions of the Stipulation.

12.2.     The Settling Parties and their counsel represent that they will not

encourage or otherwise influence (or seek to influence) any Settlement Class Members to request

exclusion from, or object to, the Settlement.

12.3.     Each of the attorneys executing this Stipulation, any of its exhibits, or

any related settlement documents on behalf of any Settling Party hereto hereby warrants and

represents that he or she has been duly empowered and authorized to do so by the Settling Party

he or she represents.

12.4.     Plaintiffs and Plaintiffs' Counsel represent and warrant that the

Plaintiffs are Settlement Class Members and none of the Plaintiffs' claims or causes of action

against one or more Defendants in the Action, or referred to in this Stipulation, or that could

have been alleged against one or more Defendants in the Action, have been assigned,

encumbered or in any manner transferred in whole or in part.

12.5.     This Stipulation, together with the Supplemental Agreement,

constitutes the entire agreement between the Settling Parties related to the Settlement and

supersedes any prior agreements.  No representations, warranties or inducements have been

made to or relied upon by any Settling Party concerning this Stipulation, other than the

representations, warranties and covenants expressly set forth herein and in the Supplemental

Agreement.  Plaintiffs, on behalf of themselves and the Settlement Class, acknowledge and agree that any and all other representations and warranties of any kind or nature, express or implied, are specifically disclaimed and were not relied upon in connection with this Stipulation.  Except as otherwise provided herein, each Settling Party shall bear its own costs.

      **12.6.**      This Stipulation may not be modified or amended, nor may any of its provisions be waived, except by a writing signed by all Settling Parties or their counsel or their respective successors in interest.

      **12.7.**      This Stipulation shall be binding upon, and shall inure to the benefit of, the Settling Parties and their respective agents, successors, executors, heirs, and assigns.

      **12.8.**      The Released Parties who do not appear on the signature lines below, including but not limited to Individual Defendants Mark J. O'Brien, Denmar Dixon, Charles E. Cauthen, Robert Yeary and H. Marc Helm, are acknowledged and agreed to be third party beneficiaries of this Stipulation and Settlement.

      **12.9.**      The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

      **12.10.**      This Stipulation may be executed in any number of counterparts by any of the signatories hereto and the transmission of an original signature page electronically (including by facsimile or portable document format) shall constitute valid execution of the Stipulation as if all signatories hereto had executed the same document.  Copies of this Stipulation executed in counterpart shall constitute one agreement.

      **12.11.**      This Stipulation, the Settlement, and any all disputes arising out of or relating in any way to this Stipulation, whether in contract, tort or otherwise, shall be governed

by and construed in accordance with the laws of the State of Florida without regard to conflict of laws principles.

        **12.12.**     The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation.

        **12.13.**  The Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties, and all Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

        **12.14.**     All agreements by, between or among the Settling Parties, their counsel and their other advisors as to the confidentiality of information exchanged between or among them shall remain in full force and effect, and shall survive the execution and any termination of this Stipulation and the final consummation of the Settlement, if finally consummated, without regard to any of the conditions of the Settlement.

        **12.15.**     The Settling Parties shall not assert or pursue any action, claim or rights that any party violated any provision of Rule 11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995 in connection with the Action, the Settlement, the Stipulation or the Supplemental Agreement.  The Settling Parties agree that the Action was resolved in good faith following arm's-length bargaining, in full compliance with applicable requirements of good faith litigation under the Securities Exchange Act of 1934, Rule

11 of the Federal Rules of Civil Procedure and/or the Private Securities Litigation Reform Act of 1995.

**12.16.**      Any failure by any of the Settling Parties to insist upon the strict performance by any other Settling Party of any of the provisions of the Stipulation shall not be deemed a waiver of any of the provisions hereof, and such Settling Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

**12.17.**  The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated:  May ___, 2016

                                         **THE ROSEN LAW FIRM, P.A.**

                                         By: _____
                                         Laurence M. Rosen, Esq.
                                         275 Madison Avenue, 34th Floor
                                         New York, New York 10016
                                         Tel.: (212) 686-1060

                                         **POMERANTZ LLP**

                                         By: _____
                                         Jeremy L. Lieberman, Esq.
                                         Murielle J. Steven Walsh, Esq.
                                         600 Third Avenue, 20th Floor
                                         New York, New York 10016
                                         Tel.: (212) 661-1100

                                         *Co-Lead Counsel for Plaintiffs*

Dated:  May 20, 2016

                                         **SIMPSON THACHER & BARTLETT LLP**

                                         By: _____
                                         Peter E. Kazanoff
                                         David Elbaum
                                         425 Lexington Avenue
                                         New York, New York 10017
                                         Tel.: (212) 455-2000

                                         **HOLLAND & KNIGHT LLP**
                                         Tracy A. Nichols
                                         Stephen Warren
                                         701 Brickell Avenue, Suite 3300
                                         Miami, Florida 33131
                                         Tel.: (305) 374-8500

                                         *Counsel for Defendants Walter Investment Management Corp., Keith A. Anderson and Brian Corey*

failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Stipulation to be performed by the other Settling Parties to this Stipulation.

12.17. The waiver, express or implied, by any Settling Party of any breach or default by any other Settling Party in the performance of such Settling Party of its obligations under the Stipulation shall not be deemed or construed to be a waiver of any other breach, whether prior, subsequent, or contemporaneous, under this Stipulation.

**IN WITNESS WHEREOF**, the Settling Parties have executed this Stipulation by their undersigned counsel effective as of the date set forth below.

Dated: May 20, 2016

**THE ROSEN LAW FIRM, P.A.**

By: _____

Laurence M. Rosen, Esq.
275 Madison Avenue, 34th Floor
New York, New York 10016
Tel.: (212) 686-1060

**POMERANTZ LLP**

By: _____

Jeremy A. Lieberman, Esq.
Murielle J. Steven Walsh, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016
Tel.: (212) 661-1100

*Co-Lead Counsel for Plaintiffs*

Dated: May ____, 2016

**SIMPSON THACHER & BARTLETT LLP**

By: _____

Peter E. Kazanoff
David Elbaum
425 Lexington Avenue
New York, New York 10017
Tel.: (212) 455-2000

-31-